**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                :

UNITED STATES OF AMERICA,          :

                                :           **<u>Summary Order</u>**

                                :

              -against-                :           06 Cr 732 (DLI)

                                :

DOUG GRANT,                                :

                                :

                      Defendant.  :

                                :

------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge**

Defendant Doug Grant's motion to suppress certain post-arrest statements is denied without an evidentiary hearing for the reasons set forth below.

In the evening of October 14, 2006, police in an unmarked car observed defendant standing near St. Marks Avenue in Brooklyn and adjusting his waistband in a manner that suggested he may have been carrying a weapon. The police followed him into a grocery store and saw him remove two firearms from his waistband and place them on a store shelf. He was arrested at approximately 10:30 p.m., transported to the 73rd Precinct for processing and then to Brooklyn Central Booking, where he was held over night.

According to the government, at 8:10 a.m. the next morning, defendant was read his *Miranda* warnings, and he signed a waiver form indicating that he understood his Fifth Amendment rights and was willing to answer questions. (*See* Miranda Warnings Statement signed and dated Oct. 15, 2006 attached as Exh. A to Gov't Memo. In Opposition to Deft.'s Motion Suppress ("Gov't Memo.")). The defendant then confessed to detectives that the two loaded guns recovered in the grocery store were in fact his, and wrote and signed a statement to that effect. (*See* Deft.'s statement attached as Exh. B to Gov't Memo).

Defendant was charged in a one-count indictment with possession of a firearm after having previously been convicted of a felony pursuant to 18 U.S.C. § 922(g)(1). Before the court is defendant's motion to suppress his post-arrest statements. However, defendant has not provided his own affidavit containing sworn allegations of fact in support of his motion. His attorney contends only that defendant does not remember eating anything the morning after his arrest and cannot recall being read his *Miranda* rights. (*See* Declaration of Andrew Carter, dated Nov. 29, 2006, at 2 & 3). In opposing the motion, the government produced the waiver form bearing defendant's signature in which he acknowledged his *Miranda* rights and willingness to answer questions. Defendant did not reply to the government's response.

On a motion to suppress challenging the validity of a waiver of rights, the government must show by a preponderance of the evidence that the defendant had entered the waiver voluntartily with full awareness of the rights being waived and the consequences of doing so. *See U.S. v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 40 (2d Cir. 1997); *United States v. Jaswal*, 47 F.3d 539, 542 (2d Cir. 1995).

In general, "a defendant seeking the suppression of evidence is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved, would require the granting of relief." *United States v. Ventura,* 97-CR-1251, 1998 WL 186737 *1 (S.D.N.Y. April 17, 1998). Absent a contested issue of material fact, a defendant is not entitled to an evidentiary hearing. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). An evidentiary hearing on a motion to suppress is required only if "the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact" are in question. *Id.* However, even where the preliminary showing of facts requiring a hearing is weak, the court has discretion to determine whether to hold a

suppression hearing. *See United States v. Shamsideen,* 03 CR. 1313, 2004 WL 1179305 *2 (S.D.N.Y. March 31, 2004) (holding that federal district courts have broad discretion when deciding whether or not to hold a suppression hearing "even where the defendant's allegations are general and conclusory").

In *United States v. Mathurin,* the Second Circuit held that a defendant's conclusory assertion that *Miranda* warnings were not given, when the government asserts the contrary, created a sufficiently specific factual dispute that cannot be properly resolved without an evidentiary hearing. 148 F.3d 68, 69 (2d Cir. 1998). That case is distinguished from the instant matter in that the defendant in *Mathurin* specifically stated in his own affidavit, "I was never given my Miranda warnings [and] I never voluntarily waived my right to counsel." *Id.* Conclusory as those statements may have been, the Second Circuit reasoned that it would be impossible to state all the facts to show that an event never occurred.

In this case, the defendant has not provided any affidavit to assert or deny any fact. His motion draws upon the declaration of his attorney who does not claim that defendant was never apprised of his *Miranda* rights and does not argue that defendant's waiver of rights was invalid. Rather, his attorney merely suggests that a *Miranda* warning may not have been given because the defendant does not remember it. The written waiver form that the defendant signed, however, shows that he acknowledged hearing the *Miranda* warning and was fully aware of his right to remain silent and consult with counsel, as well as of the risk of self-incrimination from answering the detectives' questions. Neither the defendant nor his attorney has disputed this waiver form, or suggested that the confession was made before the waiver was signed. There is no suggestion that the waiver was coerced or not entered knowingly at the time defendant signed the form.

The defendant is denied a hearing on his motion to suppress because he has not made a preliminary showing of fact, which if true, should entitle him to relief. Even if it is true that he cannot recall whether a *Miranda* warning was read, this fact does not undermine the validity of the waiver agreement, which shows that defendant was fully aware of his rights at the time of the custodial interrogation and willingly waived them. Aside from questioning whether the *Miranda* warning was given, defendant has not provided any other legal basis to suppress his statements. The government has demonstrated by a preponderance of evidence the knowing and voluntary nature of defendant's waiver.

Accordingly, defendant's motion to supress is denied. A status conference will be held on Friday, January 11, 2008 at 10:00 a.m. in Courtroom 4A of the United States Courthouse at 225 Cadman Plaza East, Brooklyn, New York.

SO ORDERED.

Dated: Brooklyn, New York
       January 8, 2008

                                        /s/
                              DORA L. IRIZARRY
                              United States District Judge