UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DOUG GRANT,

                Petitioner,

        -against-                  **MEMORANDUM AND ORDER**
                                               06-cr-732 (DLI)
UNITED STATES,                             15-cv-7151 (DLI)

                Respondent.
-------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

On July 23, 2008, Petitioner Doug Grant ("Petitioner") pled guilty, pursuant to 18 U.S.C. § 922(g)(1), to possession of a firearm after having been convicted of a felony. On December 9, 2009, Petitioner was sentenced to 180 months of imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The imposed sentence was the minimum mandated by ACCA.

On December 15, 2015, Petitioner, proceeding *pro se*, filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging that the District Court inappropriately relied on the residual clause of the ACCA in sentencing him. On February 22, 2016, Petitioner filed a motion to appoint counsel, which the Court granted on February 24, 2016. On March 3, 2016, the Court granted counsel leave to supplement Petitioner's *pro se* petition. On March 18, 2016, Petitioner, represented by counsel, filed the motion currently before this Court, pursuant to 28 U.S.C. § 2255 ("Petition," Dkt. Entry No. 49), seeking relief from his sentence on the ground that it violates the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA was unconstitutionally vague. Petitioner argues that the Court should vacate his sentence under *Johnson* because it was based on this Court's finding that he was an armed career criminal under the ACCA's residual clause. The government opposed the Petition on April 22, 2016 ("Opposition," Dkt. Entry No. 51), and Petitioner replied on June 10, 2016 ("Reply," Dkt. Entry No. 53).

For the reasons set forth below, the petition is granted. The Court finds Petitioner is not an armed career criminal. Accordingly, Petitioner's sentence is vacated and he is to be resentenced forthwith.

## BACKGROUND

**A. Petitioner's Convictions, Guideline Range Calculation, and Sentencing**

On July 23, 2008, Petitioner pled guilty to possessing two guns after previously having been convicted of a felony. In the presentence report ("PSR"), the Probation Department ("Probation") concluded that Petitioner had obtained three prior violent felony convictions: (1) a 1982 New York conviction for second degree assault, (2) a 1988 South Carolina conviction for second degree burglary, and (3) a 1989 South Carolina conviction for strong armed robbery.

At the time of Petitioner's sentencing, the Court applied an ACCA enhancement due to the three prior violent felony convictions. As a result, Petitioner's total offense level increased to 30 from 21.[1] His Criminal History Category was determined to be V. As calculated in the PSR, without the ACCA enhancement, Petitioner's Sentence Guideline Range ("SGR") was 70-87 months. With the ACCA enhancement, Petitioner's SGR was 151-188 months. ACCA requires the imposition of a mandatory minimum sentence of fifteen (15) years or 180 months. Thus, the effective SGR was 180-188 months. On December 9, 2009, this Court sentenced Petitioner to 180 months of imprisonment.

---

[1] Given this Court's finding that Petitioner is not an armed career criminal, the Court will have to recalculate Petitioner's Sentence Guideline Range for purposes of resentencing. Of note, Probation had determined that Petitioner's base offense level ("BOL") was 24 under Sentence Guideline ("SG") 2K2.1(a)(2), based on his convictions for burglary and strong armed robbery. As this Court concludes that second degree burglary in South Carolina does not qualify as a violent felony under *Johnson I* and *II*, but strong armed robbery in South Carolina does qualify as a violent felony, the applicable BOL is 20 under 2K2.1(a)(4)(A), based on the 2009 Sentence Guidelines Manual ("SGM"), which was in effect at the time of Petitioner's original sentence. The definitions of "crime of violence" set forth in U.S.S.G. § 4B1.2(a)(2) in 2009 and 2016 differ in that the latter has an enhanced list of enumerated offenses that qualify as crimes of violence. As such, the application of the 2016 SGM presents a violation of the *ex post facto* clause, and the 2009 SGM applies in its entirety. U.S.S.G. § 1B1.11(b)(1) and (2).

2

### B. The *Johnson* Cases

Under the ACCA, a defendant found to have committed three prior "violent felon[ies]" or "serious drug offense[s]," is subject to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as follows:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (i) of the definition is known as the "force clause" and the latter half of subsection (ii) is known as the "residual clause."

In 2010, the Supreme Court defined "physical force" as set forth in the ACCA's force clause. *Johnson v. United States,* 559 U.S. 133 (2010) ("*Johnson I*"). The Court rejected the common law definition that force can be satisfied by even the slightest offensive touching. *Id.* at 137. Instead, the Court defined physical force under the ACCA as "*violent* force – that is, force capable of causing physical pain or injury to another person." *Id.* at 140 (emphasis in original). The Court reviewed various definitions of violence to help clarify its definition, concluding that the word "violent" in § 924(e)(2)(B) connotes a substantial degree of force, and, thus, physical force in the ACCA indicated "strong physical force" and "force strong enough to constitute 'power.'" *Id.* at 140-42. However, "the Court did *not* construe § 924(e)(2)(B)(i) to require that a

particular quantum of force be employed or threatened to satisfy its physical force requirement." *United States v. Hill,* 832 F.3d 135, 142 (2d Cir. 2016) (emphasis in original).

In 2015, the Supreme Court struck the residual clause of the ACCA as unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*"). The Court found that the residual clause had failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges," because it both "leaves grave uncertainty about how to estimate the risk posed by a crime" and "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson*, 135 S. Ct. at 2557-58. The Court found this "double-layered uncertainty" problematic because it required courts "first to estimate the potential risk of physical injury posed by 'a judicially imagined 'ordinary case' of [the] crime' at issue, and then to consider how this risk of injury compared to the risk posed by the four enumerated crimes, which are themselves, the Court noted, 'far from clear in respect to the degree of risk each poses.'" *Hill*, 832 F.3d at 145 (quoting *Johnson 2015*, 135 S. Ct. at 2557-58) (alterations in *Hill*).

When read together, *Johnson I* and *II* indicate that a defendant can receive an ACCA enhancement only if his three prior felony convictions meet the "violent force" standard articulated in *Johnson I* or are ACCA enumerated offenses.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may challenge a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a). A petition made under § 2255 is considered timely if: (i) it is filed within one year of the "the date on which the right asserted was initially recognized by the Supreme Court," (ii) "if that right has been newly recognized by the Supreme Court," and (iii) if the rule has been made "retroactively

4

applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). To permit retroactive application on collateral review, the new rule articulated by the Supreme Court must "place[] certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or "require[] the observance of those procedures that . . . are implicit in the concept of ordered liberty." *Teague v. Lane*, 489 U.S. 288, 307 (1989) (internal quotation marks omitted). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* cases applied retroactively on collateral review for defendants sentenced under the residual clause of the ACCA because it announced a new substantive rule. Thus, though filed six years after the judgment of conviction, the petition is timely.

## DISCUSSION

### A. Petitioner's Motion

Petitioner contends that, post *Johnson* II, second degree assault and strong armed robbery do not qualify as violent felonies under the residual clause and are not ACCA enumerated offenses. Thus, Petitioner's prior convictions for second degree assault and strong armed robbery may count towards the ACCA enhancement only if they fall within the ACCA's "force clause." (Petition at 6.) Petitioner argues that, because a person could commit either offense without the intentional use of violent physical force, neither offense qualifies under the force clause. (*Id.* at 7.) Petitioner maintains that his conviction in South Carolina for second degree burglary does not qualify under the ACCA because: (1) it is broader than the generic definition of burglary and, thus, is not an enumerated offense; and (2) the burglary offense does not fall within the force clause. (*Id.*)

While Petitioner contends that none of his three prior felony convictions qualifies as a "violent felony" under the ACCA, the Court need only find that one of the three prior felony convictions does not qualify as a "violent felony" as proper grounds to vacate Petitioner's sentence

5

enhancement under the ACCA. *See* 18 U.S.C. § 924(e)(1) (requiring three prior convictions for the ACCA sentencing enhancement). However, for purposes of resentencing and to recalculate the proper SGR, the Court examines all three of Petitioner's prior convictions.

**B. Petitioner's 1982 Conviction for New York Second Degree Assault**

New York Penal Law § 120.05 lists a number of ways in which a person can be guilty of assault in the second degree, thus making § 120.05 a "divisible statute." *See Singh v. U.S. Dep't of Homeland Sec.,* 526 F.3d 72, 78 (2d Cir. 2008) ("N.Y.P.L. § 120.05 may be considered a 'divisible statute' because we have held that at least one of its subsections is not a crime of moral turpitude.").

When a prior conviction is for violating a "so-called divisible statute," the court may apply the modified categorical approach. *Descamps v. United States,* 133 S. Ct. 2276, 2281 (2013). Under the modified categorical approach, the court may consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *Id.* The court then can compare the elements of the crime of conviction with the elements of the generic crime to determine if an ACCA enhancement is appropriate. *Id.*

The government has not presented any documents indicating under which subsection of New York Penal Law § 120.05 Petitioner was convicted. However, the government asserts in a footnote in its opposition to the Petition that it "has determined that Petitioner was convicted of Assault in the Second Degree in violation of New York Penal Law § 120.05(1)." (Opposition at 3 n.1.) The government does not explain how it came to this conclusion, but admits that the subsection is not stated in the PSR.

The government's assertion falls far short of the standard articulated by the Supreme Court

6

in *Descamps* and *Shepard v. United States*, 544 U.S. 13 (2005). In *Shepard*, the Supreme Court examined which documents a court can consider in determining the defendant's prior convictions when sentencing under the ACCA. The Supreme Court held that the court "is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16. *See also Johnson I*, 559 U.S. at 144 (2010) (holding that the modified categorical approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.")

Although the Court has granted the government extensions of time so that the government could locate *Shepard* documents regarding Petitioner's 1982 second degree assault conviction, the government has failed to do so and cannot substitute its futile efforts with an unsubstantiated bare assertion. Thus, although New York Penal Law § 120.05 is a divisible statute, because the Court does not know for which subsection Petitioner was convicted, the court cannot apply the modified categorical approach and may not conclude that Petitioner's conviction "rested upon anything more than the least of [the] acts" of the statute's subdivisions. *Johnson I*, 559 U.S. at 137.

**C. In New York, Second Degree Assault is not Categorically a Crime of Violence**

This bring us to the issue before this Court: whether, in New York, second degree assault categorically qualifies as a crime of violence. Petitioner asserts that subdivisions (3), (4), and (6) do not qualify under the force clause because they include reckless and unintentional conduct. (Petition at 13.) The government does not address this assertion, but instead contends that its representation that Petitioner was convicted under § 120.05(1), which the government argues is a crime of violence, moots Petitioner's arguments.

Examining certain subsections of § 120.05 demonstrates that a person may be convicted of second degree assault in New York without necessarily using, attempting to use, or threatening to use physical force. Because the categorical approach "must be grounded in reality, logic, and precedent, not flights of fancy," we must look to cases, rather than indulge our "legal imagination," to determine whether § 120.05 is categorically a crime of violence. *Hill*, 832 F.3d at 139-40. To do so, we look to actual convictions under § 120.05(3), (4), (5), and (6). As cases show and Petitioner correctly notes, assault under these subsections may be committed recklessly or unintentionally. We have no information about which subsection Petitioner was convicted under, nor are there *Shepard* documents that shed light on the issue, and certain subsections under § 120.05 do not satisfy the *Johnson* test as discussed below. Accordingly, Petitioner's assault conviction does not constitute a violent felony.

1. **§ 120.05(3)**

New York Penal Law § 120.05(3) provides, in part, that: "[a] person is guilty of assault in the second degree when . . . [w]ith intent to prevent a peace officer. . . or employee of any entity governed by the public service law in the course of performing an essential service, from performing a legal duty. . . he or she causes physical injury to such peach officer . . . or employee." The New York Court of Appeals has held that "[u]nder the plain wording of this subdivision it is evident that a defendant may be convicted even though the injury caused is unintended or accidental." *People v. Campbell,* 72 N.Y.2d 602, 604 (1988). Because the assault described in § 120.05(3) may be committed unintentionally or accidentally, a conviction under § 120.05(3) does not qualify as a crime of violence under the force clause.

2. **§ 120.05(4)**

Under § 120.05(4), a person is guilty of assault in the second degree if he recklessly causes

serious physical injury to another person by means of a deadly weapon or a dangerous instrument. Case law demonstrates that a person can be convicted under § 120.05(4) for conduct that does not qualify as force under the *Johnson I* definition.

In *People v. Holden,* 188 A.D.2d 757 (3d Dep't 1992), the appellate court affirmed the conviction of a defendant under § 120.05(4). There, defendant directed his girlfriend's seven-year-old son to take a bath. *Id.* at 941. Defendant turned on the bath water. Although steam came from the water, the boy obediently stepped in and sat down in the tub. *Id.* The boy incurred severe burns on his buttocks, confining him to a hospital for five days. *Id.* The court wrote that "the jury could properly conclude that defendant was reckless in his conduct toward [the boy] causing him severe burns. There was also sufficient evidence to permit the jury to properly conclude that the severe and permanent injuries were caused by a dangerous instrument, i.e., the scalding water." *Id.* at 942.

The extent of the physical force wielded by defendant was turning on the bath tap. This Court cannot reasonably say that turning on a faucet rises to the level of violent force articulated in *Johnson I*. Thus, N.Y.P.L. § 120.05(4) is not a violent felony under the ACCA. *See also García v. Gonzales,* 455 F.3d 465 (4th Cir. 2006) (finding that N.Y.P.L. § 120.05(4) is not a crime of violence and does not have as an element "the use, attempted use, or threatened use of physical force against the person or property of another" because 120.05(4) "does not contain an element that there be the intentional employment of physical force against a person or thing.")

3. **§ 120.05(5)**

Although not raised by Petitioner, § 120.05(5) is another example of how force is not necessary for conviction in New York for assault in the second degree. Under § 120.05(5), a person is guilty of assault in the second degree if he intentionally causes stupor or other physical

9

impairment to another person by administering drugs without his consent and for a purpose other than lawful medical treatment.

In *People v. Gerhath,* 77 A.D.2d 628 (2d Dep't 1980), the appellate court reviewed an anesthesiologist's indictment under § 120.05(5) for allegedly surreptitiously injecting Benadryl into a patient's IV. The court held that a defendant would be guilty in New York for assault in the second degree, "if he intentionally caused physical injury to the complainant by administering a drug to her without her consent and for other than a lawful medical or therapeutic purpose." This conduct, adding medication to an IV drip, would not rise to the level of violent force articulated in *Johnson I.*

4. **§ 120.05(6)**

New York Penal Law § 120.05(6) provides that a person is guilty of assault in the second degree if "[i]n the course of and in furtherance of the commission or attempted commission of a felony . . . [he] causes physical injury to a person other than one of the participants." The Honorable Jack B. Weinstein, Senior District Judge of this Court, has held that § 120.05(6) does not require a showing of intentional injury. *Donovan v. Levine,* No. 01-CV-803 (JBW), 2003 WL 21845744, at *6 (E.D.N.Y. Aug. 1, 2003). In fact, a common violation of § 120.05(6) may occur when a police officer falls and injures himself while pursuing a fleeing felon. *Persaud v. McElroy,* 225 F. Supp. 2d 420, 422 (S.D.N.Y. 2002) (finding that §120.05(6) "does not require, as an element of the offense, that the defendant *use* physical force to inflict that injury.") (emphasis in original).

5. **§ 120.05(1)**

Even if the Court were to accept the government's assertion that Petitioner was convicted under § 120.05(1), there would be no change in this Court's ruling because a conviction under § 120.05(1) does not fall within the force clause of the ACCA either.

In *Chrzanoski v. Ashcroft*, 327 F.3d 188, 195 (2d Cir. 2003), the Second Circuit held that, under Connecticut law, third degree assault is not a crime of violence, as defined in 18 U.S.C. § 16(a). 18 U.S.C. § 16(a) defines "crime of violence" as "an offense that has an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 191. The Circuit held that "[u]nder the plain language of § 16(a), the use of force must be an element of the offense for that offense to be a crime of violence." *Id.* at 191. A person could be guilty of one subsection of the third degree assault statute in Connecticut when "he recklessly causes serious physical injury to another person." *Id.* at 192. The government did not argue that a conviction under this subsection, which mirrors N.Y.P.L. § 120.05(4), would constitute a crime of violence.[2] *Id.*

Much like the circumstances here, in *Chrzanoski*, the Second Circuit did not know under which subdivision the defendant was convicted, but the court assumed for the purpose of its analysis that the defendant was convicted under subdivision (1).[3] The court held that intentional causation of injury does not involve the use of force necessarily. *Id.* at 195. The court reasoned that, "human experience suggests numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient." *Id.* at 196. Because Connecticut's third degree assault statute has "broad enough"

---

[2] The government took a similar position in *Singleton v. United States,* No. 3:07-CR-282 (RJC), 2016 WL 3406248, at *3 (W.D.N.C. June 15, 2016). There, the government stated that, under New York law, second degree assault may be committed in numerous ways, some of which do not satisfy the force clause. Because the government in *Singleton* could not establish under which subdivision of second degree assault the petitioner was convicted, it conceded that the petitioner's conviction was not for a violent felony under the ACCA in light of *Johnson*, and agreed that petitioner's motion to vacate his sentence should be granted.

[3] A person is guilty of subdivision (1) of third degree assault in Connecticut when, "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." On the other hand, a person is guilty of subdivision (1) of second degree assault in New York when, "[w]ith intent to cause *serious* physical injury to another person, he causes such injury to such person or to a third person." (emphasis added).

11

language "to cover myriad other schemes, not involving force, whereby physical injury can be caused intentionally," the Circuit held that it was not a crime of violence. *Id.*

A fact pattern similar to that here was presented in *United States v. Poindexter,* No. 3:97-CR-00079 (JAG), 2016 WL 6595919, at *1 (E.D. Va. Nov. 7, 2016). There, the defendant was designated an armed career criminal under the ACCA, based, in part, on a prior conviction for second degree assault in New York. *Id.* The court did not know which subsection of N.Y.P.L. § 120.05 defendant was convicted under in 1989. *Id.* at *3. The only information that the court had about the conviction came from the presentence report, which the court found was not a qualifying *Shepard* document. *Id.* The court wrote, "[w]hile the details from the presentence report allow the Court—and the parties—to guess the relevant statutory sub-section, the law does not permit such guessing and assumptions." *Id.*

The *Poindexter* court reasoned that, to qualify as a predicate offense, the offense must contain as an element the use or threatened use of violent force, not simply result in physical injury or death. *Id.* at *4 (quoting *United States v. Torres-Miquel*, 701 F.3d 165, 169 (4th Cir. 2012)). The court held that § 120.05(4) permits conviction with a mental state of recklessness, which fails to qualify as use of physical force. *Id.* In granting the habeas petition, the court found that even § 120.05(1) does not require the government to prove that the offender used violent force in causing the injury, and "requiring only intent and result does not satisfy the force clause." *Id.* (citing *Chrzanoski*, 327 F.3d at 196).

**D. In South Carolina, Burglary in the Second Degree is Not a Crime of Violence or an Enumerated Offense**

As with Petitioner's prior conviction for second degree assault in New York, the record does not include *Shepard* documents indicating which subsection of second degree burglary in South Carolina provided the basis for Petitioner's conviction. Thus, because second degree

12

burglary in South Carolina is not categorically a crime of violence, this conviction could not be used constitutionally as an ACCA predicate offense.

Second degree burglary in South Carolina undeniably encompasses forcible conduct, but a defendant may be guilty of the offense for unintentional use of force. For example, a defendant may be guilty of second degree burglary in South Carolina for burglarizing a building at night, irrespective of the use of force. S.C. Code Ann. § 16-11-312(A), (B)(3).

Although generic burglary is an ACCA enumerated offense, if second degree burglary in South Carolina does not conform to the generic definition of burglary, then Petitioner's prior burglary conviction cannot count towards an ACCA sentencing enhancement. In *Taylor v. United States,* 495 U.S. 575, 599 (1990), the Supreme Court held that a defendant is convicted of burglary for purposes of the ACCA sentencing enhancement "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* However, if a state's burglary statute broadens the generic definition of burglary to include, for example, unlawful entry into "automobiles and vending machines," then the crime cannot be counted towards the ACCA sentencing enhancement. *Id.* In *Taylor*, the Court remanded the case for further proceedings because the defendant was given an ACCA sentencing enhancement even though not all the Missouri statutes defining second degree burglary included the elements of generic burglary, and the record did not specify under which statute the defendant was guilty.

In *United States v. Lynch,* 518 F.3d 164 (2d Cir. 2008), the Second Circuit explained that, in *Taylor*, "[t]he Supreme Court has held that only generic burglaries—those that involve entering into a building or structure—qualify as violent felonies under the ACCA's provision specifying burglary as one of the enumerated crimes in its definition of violent felony." *Id.* at n.3. The Second

Circuit found that attempted burglary in the third degree in New York did not qualify as an enumerated offense in the ACCA because its "expansive definition of 'building'" included "any structure, vehicle or watercraft." *Id.* at n. 8.

Here, second degree burglary in South Carolina defines "building" to include "any structure, vehicle, watercraft, or aircraft." S.C. Code Ann. § 16-11-310. Thus, because second degree burglary in South Carolina does not conform to the generic definition of burglary, it is not an enumerated offense for purposes of an ACCA sentencing enhancement.

**E. In South Carolina, Strong Armed Robbery is a Crime of Violence**

South Carolina strong armed robbery is a common law crime "defined as the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003). The Fourth Circuit has held that strong armed robbery in South Carolina meets the definition of violent felony under the Force Clause. *United States v. Doctor,* 842 F.3d 306 (4th Cir. 2016), *cert. denied,* No. 16-8435, 2017 WL 1079626 (Apr. 24, 2017). The court concluded that South Carolina had defined its common law robbery offense to include as an element "the use, attempted use, or threatened use of physical force against the person of another." *Id.* at 312. *C.f. United States v. Walker,* 595 F.3d 441 (2d Cir. 2010) (finding that South Carolina strong armed robbery is a crime of violence under the Sentencing Guidelines because it parallels the generic definition of robbery and robbery is an enumerated offense in the commentary to § 4B1.2(a).)

Petitioner argues that strong armed robbery does not fall within the force clause "because it may be committed without the use of force, by putting a person 'in fear' of bodily harm." (Petitioner at 21.) However, as the Fourth Circuit discussed, a review of South Carolina law

14

reveals that a robber puts a person in fear of bodily harm when intimidating a victim by threatening force, and the victim must feel a threat of physical force based on the defendant's acts. *Doctor*, 842 F. 3d at 309.

Petitioner next argues that strong armed robbery does not require the intentional use of physical force, and, therefore, is insufficient to fall within the force clause. (Petitioner at 21-22.) The Fourth Circuit addressed this argument in *Doctor*, finding that, because defendant could not point to a single case in South Carolina where a defendant negligently or recklessly used force in the commission of a robbery, the argument solely was theoretical. *Doctor*, 842 F. 3d at 311.

Because strong armed robbery in South Carolina is a crime of violence, the Court properly considered Petitioner's prior conviction as a predicate offense for purposes of the ACCA enhancement.

## CONCLUSION

In sum, neither second degree assault under New York law nor second degree burglary under South Carolina law satisfies the ACCA's force clause or is an enumerated offense. Common law strong armed robbery in South Carolina, on the other hand, does satisfy the ACCA's force clause. Accordingly, based on the foregoing analysis, Petitioner constitutionally could not have been designated an armed career criminal at sentencing. For the reasons set forth above, Petitioner's motion is granted, his sentence is vacated, and the government is directed to produce the Petitioner at a date determined by the Court to be resentenced.

SO ORDERED.

Dated: Brooklyn, New York
       July 5, 2017

                                                 /s/
                                     DORA L. IRIZARRY
                                         Chief Judge